## Cleary v. Penn-Liberty Insurance Company

*Elias Magil,* for plaintiff.

*George P. Williams, 3rd,* for defendant.

FLOOD, J., July 8, 1957.—Plaintiff has sued defendant upon a policy of insurance, claiming the value of a trailer, allegedly stolen, which was insured under the policy. The answer under new matter set up certain alleged misrepresentations in the application for the policy. Defendant, claiming that the averments of misrepresentation were insufficiently denied in plaintiff's reply, asks judgment on the pleadings.

1. The relevant representations in the application are: (1) That the trailer was a 1952 model; (2) that F. O. B. list price or delivered price at factory was $12,500; and (4) that its actual cost when purchased, including equipment, was $12,500. These representations, defendant alleges, are false, in that: (1) The trailer was a 1950 model; (2) it was used or rebuilt when purchased; (3) the F. O. B. price or delivered price at factory was approximately $5,350; and (4) the actual cost when purchased was $8,800. In reply, plaintiff alleges merely: (1) That the trailer was rebuilt to a 1952 model; (2) that it was "the equivalent" of a new trailer when rebuilt; (3) that the trailer, when rebuilt, was made into a refrigerated vehicle, the rebuilding and additions having been made at great expense; and (4) that the "actual cost of said trailer when purchased by plaintiff was $12,500 with the improvements added thereon". Plaintiff has placed at issue defendant's further allegation that the alleged

misrepresentations were material, in that defendant would not have issued the policy if the true facts had been disclosed.

Plaintiff's representations as to price, newness and model were false. If the repairs had been made and paid for at the time the policy was applied for, the representations as to cost may not be false. It is to be noted that it is upon the other representations, and not on the basis of false representation as to cost, that defendant asks for judgment. The cases cited by defendant all had to do with misrepresentation as to cost except for one where there was a double misrepresentation, as to both cost and model.

Defendant's cases all concerned warranties and not mere representations as here. Since the question of the materiality of the representations has been put in issue, the burden of proof on materiality is upon defendant: Blashfield, Cyclopedia of Automobile Law and Practice, §§3765.5, 3769. While perhaps materiality might be presumed as to some of these misrepresentations, yet it is to be noted that plaintiff appears to have paid premiums on the value given by him in the application, he is claiming a lesser amount as his actual loss and there is no indication that the actual loss claimed is incorrect. Again, even if there is a presumption of materiality, we think that this would be a presumption of fact only and would not warrant judgment on the pleadings. None of the cases cited by defendant involved judgments on the pleadings.

While it seems unlikely to us that plaintiff can finally prevail in this case, yet we do not think that this so clearly appears in the pleadings that judgment may be entered against him before the trial. This is one of those cases where a summary judgment procedure might avoid a trial, but our rules do not provide for it.

Motion for judgment on the pleadings is denied.